IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

KIRK WARREN EISENBISE,              )
                                    )
                Plaintiff,          )
                                    )
vs.                                 )          Case No. 17-00254-CV-W-ODS
                                    )
NANCY A. BERRYHILL,                 )
Acting Commissioner of Social Security, )
                                    )
                Defendant.          )

ORDER AND OPINION AFFIRMING
COMMISSIONER'S FINAL DECISION DENYING BENEFITS

Pending is Plaintiff's appeal of the Commissioner of Social Security's final
decision denying his applications for disability and disability insurance benefits. For the
following reasons, the Commissioner's decision is affirmed.

I. STANDARD OF REVIEW

The Court's review of the Commissioner's decision is limited to a determination
whether the decision is "supported by substantial evidence on the record as a whole.
Substantial evidence is less than a preponderance but…enough that a reasonable mind
would find it adequate to support the conclusion." *Andrews v. Colvin*, 791 F.3d 923, 928
(8th Cir. 2015) (citations omitted). "As long as substantial evidence in the record
supports the Commissioner's decision, we may not reverse it because substantial
evidence exists in the record that would have supported a contrary outcome, or
because we would have decided the case differently." *Cline v. Colvin*, 771 F.3d 1098,
1102 (8th Cir. 2014) (citation omitted). Though advantageous to the Commissioner, this
standard also requires the Court consider evidence that fairly detracts from the final
decision. *Anderson v. Astrue*, 696 F.3d 790, 793 (8th Cir. 2015) (citation omitted).
Substantial evidence means "more than a mere scintilla" of evidence; rather, it is
relevant evidence that a reasonable mind might accept as adequate to support a
conclusion. *Gragg v. Astrue*, 615 F.3d 932, 938 (8th Cir. 2010).

## II. BACKGROUND

Plaintiff was born in 1964, and is a high school graduate who completed some college coursework. R. at 49, 164, 316. He previously worked as a bail bonding agent and a financial management specialist. R. at 33, 49-51, 191. Plaintiff applied for disability and disability insurance benefits, alleging an onset date of October 1, 2012. R. at 22, 164-65. Plaintiff's application was denied, and he requested a hearing before an administrative law judge ("ALJ"). R. at 86-94. A hearing was held in February 2016. R. at 45-71. In March 2016, ALJ George Bock issued his decision, finding Plaintiff was not disabled. R. at 19-35.

In rendering his decision, the ALJ found Plaintiff had the following severe impairments: bipolar disorder, depression, and anxiety. R. at 24. The ALJ determined Plaintiff had the residual functional capacity ("RFC") to:

> [P]erform medium work as defined in 20 C.F.R. 404.1567(c). He can lift and/or carry 25 pounds frequently and 50 occasionally; stand and/or walk for about 6 hours out of an 8-hour workday; and sit for about 6 hours out of an 8-hour workday. Mentally, he is limited to repetitive work, which is unskilled, simple, and does not involve any complex instruction.

R. at 27. Based upon the RFC and the vocational expert's ("VE") testimony, the ALJ concluded Plaintiff could work as a dishwasher, salvage laborer, and hand packager. R. at 34. Plaintiff appealed the ALJ's decision to the Appeals Council, which denied his appeal. R. at 1-6. Plaintiff now appeals to this Court.

## III. DISCUSSION

Plaintiff argues the ALJ's decision must be reversed because (1) the ALJ erred in weighing medical opinions in the record, and (2) the ALJ failed to properly evaluate Plaintiff's credibility.

### A. Medical Opinions

Plaintiff contends the ALJ erred in giving "little weight" to the opinion of Plaintiff's treating psychiatrist, Dr. Ekkehard Othmer, and in giving "great weight" to consultative psychologist Dr. C. William Breckenridge's opinion. Plaintiff also contends the RFC is not supported by substantial evidence because the ALJ failed to include limitations consistent with Plaintiff's complaints of back pain and related medical opinions.

One's RFC is the "most you can still do despite your limitations." 20 C.F.R. § 404.1545(a)(1). "The ALJ is not required to rely entirely on a particular physician's opinion" and must develop an "RFC based on all relevant evidence, including medical records, observations of treating physicians and others, and claimant's own description of his limitations." *Martise v. Astrue*, 641F.3d 909, 926-27 (8th Cir. 2011) (citations and quotations omitted); *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2011). Generally, a treating physician's opinion is given more weight than other sources in a disability proceeding. 20 C.F.R. § 404.1527(c)(2). However, a treating physician's opinion may be disregarded if it is unsupported by clinical or other data or is contrary to the weight of the remaining evidence in the record. *See Anderson*, 696 F.3d at 793-94; *Pena v. Chater*, 76 F.3d 906, 908 (8th Cir. 1996). A consultative examiner's opinion may be given more weight than a treating physician's if the ALJ finds the consultant's opinion is "supported by better or more thorough medical evidence." *Cantrell v. Apfel*, 231 F.3d 1104, 1107 (8th Cir. 2000) (citations omitted).

### (i) Dr. Othmer

In July 2014, Dr. Ekkehard Othmer, Plaintiff's treating psychiatrist, completed a Mental RFC Assessment form. R. at 312-15. Dr. Othmer opined Plaintiff had marked or extreme limitations in each area of understanding and memory, sustained concentration and persistence, social interaction, and adaptation. R. at 312-13. Dr. Othmer further opined Plaintiff would miss work more than three times per month, and included a narrative letter in which he described Plaintiff's difficulties as a bail bondsman stemming from his anxiety and lack of self-confidence. R. at 314-15.

The ALJ did not err in weighing Dr. Othmer's opinion. The ALJ gave Dr. Othmer's opinion "little weight" for several reasons - it was "extreme in light of the actual findings documented in the record," was based on Plaintiff's subjective complaints, was not well supported by objective findings, was conclusory and lacking in an explanation of the evidence relied upon, and Dr. Othmer was not an expert in vocational issues such that he could opine on how many days of work Plaintiff would miss. R. at 31. Dr. Othmer's treatment notes consist largely of medication management. R. at 265-77, 334-45. Dr. Othmer notes Plaintiff's outbursts of anger and mood swings, but his notes

3

do not indicate severe disability or necessitate further limitations in the RFC as alleged by Plaintiff. Although Dr. Othmer found extreme limitations in many areas on the mental RFC assessment form, his attached narrative focuses heavily on Plaintiff's ability to perform his past work as a bail bondsman.[1] The ALJ found Plaintiff could not return to this work, consistent with credible portions of Dr. Othmer's opinion. R. at 33. Even if the ALJ were to afford some weight to Dr. Othmer's opinion, his opinion would not support a finding of disability due to its focus on Plaintiff's inability to work as a bail bondsman. Accordingly, the Court finds the ALJ did not err in affording little weight to Dr. Othmer's opinion.

### (ii) Dr. Breckenridge

In August 2014, consultative psychologist Dr. C. Willam Breckenridge examined Plaintiff. R. at 316-319. Dr. Breckenridge found Plaintiff to present himself well, and generally in a positive mood though he became tearful when discussing the recent loss of a best friend in an automobile accident. R. at 318. Dr. Breckenridge opined Plaintiff was capable of understanding and remembering simple instructions, sustaining concentration and persistence on simple tasks, and able to interact socially. R. at 319. Finally, Dr. Breckenridge noted concern about apparent memory impairments after Plaintiff performed poorly on logical memory tests. R. at 319. Finding this opinion consistent with the record as a whole and supported by examination findings, the ALJ gave Dr. Breckenridge's opinion "great weight." R. at 30.

Plaintiff argues the ALJ erred in formulating an RFC that did not account for Dr. Breckenridge's findings regarding Plaintiff's impaired memory. Plaintiff further argues the ALJ did not include all limitations on which Dr. Breckenridge opined, but does not state a specific impairment not included in the RFC beyond impairments in memory or the ability to adapt to a work environment.

---

[1] Dr. Othmer stated, in part, "I believe, [in Plaintiff's case], the triad of open gun wearing bondsmanship, [Plaintiff's] physically small appearance and the conflict between weakness and power in his self-image make him unsuitable to work part-time or full time *in a job where he is exposed to criminal intent, to being target of revenge and to challenges.*" R. at 315 (emphasis added).

The ALJ did not err in weighing Dr. Breckenridge's opinion or formulating the RFC. The opinion is consistent with the record, which indicates Plaintiff has impairments, but does not indicate Plaintiff is incapable of all work. Plaintiff's RFC limits him "to repetitive work, which is unskilled, simple, and does not involve any complex instruction." R. at 27. Such a limitation adequately captures the opinion of Dr. Breckenridge which states "[Plaintiff's] ability to adapt to a work environment may be mildly to moderately affected by memory impairment." R. at 319. The Court finds no further limitation was warranted, and finds the ALJ did not err in weighing Dr. Breckenridge's opinion of formulating an RFC consistent with his opinion.

### (iii) Limitations Related to Plaintiff's Back Pain

Plaintiff argues the ALJ failed to weigh medical evidence indicating Plaintiff has chronic back pain, and Plaintiff's RFC did not include limitations on his ability to bend, stoop, kneel, crouch, or crawl. The ALJ found Plaintiff's back pain was not severe at step three of the sequential evaluation process. R. at 25. He noted the record contained no studies such as an MRI or x-ray substantiating Plaintiff's complaints of severe pain. R. at 25.

The ALJ ordered a consultative examination to better assess Plaintiff's back pain reports, which was performed in August 2014 by Dr. Wilson Chang. R. at 25, 323-24, 329-333. Plaintiff's physical exam was consistent with "some left-sided hip pain as well as lower back pain." R. at 332. However, his gait was largely unremarkable without focal deficits, a joint examination was largely unremarkable, and Dr. Chang witnessed Plaintiff move between sitting and standing positions without difficulty. R. at 332. The ALJ gave Dr. Chang's opinion some weight, but noted Dr. Chang did not opine on how Plaintiff's back pain would limit his functional capacity. R. at 25.

Plaintiff also directs the Court to consider notes from one of Plaintiff's treating physicians, Dr. Dwight Cashier, who treated Plaintiff for chronic back pain. Dr. Cashier's notes repeatedly reference chronic back pain, but Plaintiff is prescribed hydrocodone to manage the pain, and Dr. Cashier does not opine that Plaintiff is disabled or functionally limited. R. at 279, 287, 289-91, 295, 303, 350-51, 360, 363-64, 368-69, 372.

The ALJ limited Plaintiff to medium work, with a limitation on carrying and lifting twenty-five pound frequently and fifty pounds occasionally. R. at 27. The substantial evidence in the record does not indicate more restrictive limitations are warranted. Nor are restrictions on Plaintiff's ability to bend, stoop, kneel, crouch, or crawl required based on the record, which only demonstrates Plaintiff's moderate difficulties. The Court finds the ALJ did not err in weighing medical opinions related to Plaintiff's complaints of back pain, and did not err in formulating an RFC which did not include limitations on bending, stooping, kneeling, crouching, or crawling.

## B. Plaintiff's Credibility

Plaintiff argues the ALJ erred in evaluating her credibility. The familiar standard for analyzing a claimant's subjective complaints is set forth in *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984):

> While the claimant has the burden of proving that the disability results from a medically determinable physical or mental impairment, direct medical evidence of the cause and effect relationship between the impairment and the degree of claimant's subjective complaints need not be produced. The adjudicator may not disregard a claimant's subjective complaints solely because the objective medical evidence does not fully support them.
>
> The absence of an objective medical basis which supports the degree of severity of subjective complaints alleged is just one factor to be considered in evaluating the credibility of the testimony and complaints. The adjudicator must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as:
>
> 1. The claimant's daily activities;
> 2. the duration, frequency and intensity of the pain;
> 3. precipitating and aggravating factors;
> 4. dosage, effectiveness and side effects of medication;
> 5. functional restrictions.
>
> The adjudicator is not free to accept or reject the claimant's subjective complaints solely on the basis of personal observations. Subjective complaints may be discounted if there are inconsistencies in the evidence as a whole.

*Id.* at 1322. The ALJ "need not explicitly discuss each *Polaski* factor...[t]he ALJ need only acknowledge and consider those factors before discounting a claimant's subjective complaints." *Eichelberger v. Barnhart*, 390 F.3d 584, 590 (8th Cir. 2004) (citations omitted); *see also Samons v. Apfel*, 497 F.3d 813, 820 (8th Cir. 2007).

In finding Plaintiff "not entirely credible," the ALJ properly analyzed Plaintiff's credibility. R. at 28. The ALJ considered the objective clinical and diagnostic medical evidence, treatment history, subjective complaints, activities of daily living, and third-party function reports from Plaintiff's father and a personal friend. R. at 24-32. Plaintiff argues the ALJ erred in considering his involvement raising and training police dogs because the consultative examiner erroneously reported that activity as ongoing when Plaintiff had in fact ceased those activities. Notes from 2014 and 2015 by Dr. Cashier, Plaintiff's treating physician, contradict this assertion by repeatedly indicating Plaintiff raises dogs for police. R. at 279, 355, 368. Moreover, neither Plaintiff nor his attorney sought to clarify this apparent misconception during his February 2016 hearing.

The ALJ also properly considered Plaintiff's work history, involving multiple years of little or no income prior to applying for disability insurance benefits. R. at 29,170. Additionally, Plaintiff testified he stopped working in October 2012 because the bail bond company he worked for was dishonest, and was "stealing" from his paycheck. R. at 29, 49. Finally, the ALJ properly considered multiple reports indicating Plaintiff's activities of daily living are somewhat normal, despite his impairments. R. at 30, 181-87, 221-27, 318. Considering the record as a whole, the ALJ did not err in finding Plaintiff "not entirely credible." Accordingly, the Court finds the ALJ did not err in weighing Plaintiff's credibility.

## IV. CONCLUSION

The Court concludes there is substantial evidence in the record as a whole to support the ALJ's decision. The Commissioner's decision denying benefits is affirmed.


IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
DATE: December 5, 2017        UNITED STATES DISTRICT COURT